IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHY HALLMAN, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00780-DAE |
| | § | |
| vs. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion to Conduct Limited Discovery [#21], which was referred to the undersigned for disposition on March 8, 2023. The undersigned therefore has authority to issue this order pursuant to 28 U.S.C. § 636(b)(1)(A). The undersigned held a hearing on the motion on March 21, 2023, at which counsel for Plaintiff and Defendants appeared via videoconference. For the reasons that follow, and after considering Plaintiff's motion, the parties' response and reply [#24, #27], their arguments at the hearing, and governing law, the Court will deny the motion.

**I. Background**

This case is an action arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff Kathy Hallman alleges that she is the widow beneficiary of a claim for accidental death benefits under a group Accidental Death & Disability Policy issued to insure her husband, Matthew Hallman, when he was an employee of L-3 Communications. According to Plaintiff's Original Complaint, Mr. Hallman disappeared suddenly in 2011 and has not been heard from since his disappearance. (Orig. Compl. [#1], at ¶

4.9.) Neither Mr. Hallman's body nor any of his remains have ever been found. (*Id.* at 8.) Plaintiff, believing her husband to be dead as the result of an accidental injury, filed a claim for accidental death benefits in April of 2021. (*Id.* at ¶ 4.2.) Defendants, who are the insurer and claim administrator of the Policy at issue, denied her claim on June 7, 2022, on the basis that Plaintiff had not provided sufficient evidence that Mr. Hallman died by accident during the policy period. (*Id.* at ¶ 4.4; Denial Ltr. [#1-1], at 5–6.) This case is an appeal of the administrative denial of benefits.

Plaintiff's motion to compel limited discovery asks the Court to permit discovery into the investigations into Mr. Hallman's disappearance conducted by the Federal Bureau of Investigation (FBI) and L-3 Communications. Plaintiff believes the FBI and L-3 Communications are in possession of additional evidence that may be relevant to the inquiry of whether Mr. Hallman died by accident. Plaintiff argues that she attempted to obtain information from these third parties when her administrative claim was pending but was unsuccessful in securing their voluntary cooperation and had no means to compel their cooperation in providing the information. Plaintiff argues that now, due to the pendency of this suit, she has the ability to serve subpoenas and take depositions of the corporate representative of L-3 Communications and the FBI agent who conducted the investigation. Plaintiff argues she should have the opportunity to determine whether the administrative record should be supplemented with any relevant evidence obtained through third-party discovery for this Court's *de novo* review of the claim determination.[1] Defendants oppose the motion, arguing that this Court's review of the

[1] The parties have stipulated to a *de novo* standard of review in this case. (Stipulation [#20].) The Fifth Circuit adopted a *de novo* standard of review as to both facts and law in ERISA cases in *Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 256 (5th Cir. 2018) (en banc). Prior to *Ariana M.*, the Fifth Circuit had a bifurcated system of review in which

administrative denial of Plaintiff's claim is limited to the designated administrative record that was before Defendants at the time of their decision. The motion is ripe for the Court's review.

## II. Analysis

Generally, judicial review of an ERISA case is limited to the designated administrative record, which the Fifth Circuit has defined as "relevant information made available to the administrator *prior to* the complainant's filing of a lawsuit in a manner that gives the administrator a fair opportunity to consider it." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999) (emphasis added). The *Vega* court, however, identified exceptions to the rule limiting judicial review to the administrative record, which include (1) discovery on how an administrator had interpreted terms of the plain in other instances, and (2) evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim. *Id.* at 299. In doing so, however, the Fifth Circuit emphasized that the district court "is precluded from receiving evidence to resolve disputed material facts—i.e., a fact the administrator relied on to resolve the merits of the claim itself." *Id.*

Years later, the Fifth Circuit revisited the question of the scope of discovery permitted outside of the administrative record in an ERISA case. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011). In *Crosby*, the Fifth Circuit reaffirmed the principles it outlined in *Vega*, emphasizing that a court cannot consider any evidence to resolve the merits of the coverage determination unless the evidence "is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." *Id.* at 263. But the Fifth Circuit clarified that *Vega* did not, "prohibit the admission of evidence to resolve other questions that may be raised in an ERISA

---

the courts reviewed legal determinations *de novo* and factual determinations for an abuse of discretion. *Id.* at 250

action," such as whether the administrative record is complete and whether the administrator complied with ERISA's procedural requirements. *Id.* These are two additional exceptions to the limitation on discovery now recognized in this Circuit.

Plaintiff argues in her motion that her request for discovery falls under the exception related to the question of whether the administrative record is complete. In her motion, she contends that "the unusual facts of this case . . . warrant discovery into whether the record is complete to ensure the Court has all the facts that were discovered during the various investigations into [Mr. Hallman]'s disappearance . . . before the Court when it reviews Defendants' denial[ ]" of her claim for accidental death benefits. (Mtn. [#21], at 2.) According to Plaintiff, "[i]f new facts regarding the disappearance of [Mr. Hallman] are uncovered by the discovery showing the administrative record was incomplete, then the Court may either decide whether the claim should have been granted under the de novo standard or remand the case back to the administrator to determine benefits with the newly discovered facts." (*Id.* at 2–3.)

In summary, Plaintiff believes that the administrative record was not complete at the time of the claim determination because there was evidence in the possession of third parties that should have been considered by Defendants that they did not consider because Plaintiff did not herself have access to the information at the time. In essence Plaintiff asks the Court to permit discovery to augment the designated administrative record with information relating to the merits of the final benefit determination in this case. Plaintiff's argument misunderstands the purpose of the exception regarding completeness of the record.

As noted, the Fifth Circuit has made clear that new discovery cannot be admitted to resolve the merits of a coverage determination. *Crosby*, 647 F.3d at 263 (citing *Vega*, 188 F.3d at 299–30). An ERISA claimant "is not entitled to a second chance to produce evidence

demonstrating that coverage should be afforded." *Id.* (citing *Vega*, 188 F.3d at 299–300.) Here, Plaintiff is not arguing that the administrative record designated for use by this Court is incomplete, such as when facts actually considered by the claim administrator have been omitted from the designated administrative record before the reviewing court. *See, e.g.*, *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-CV-1277-S, 2022 WL 887271, at *3 (N.D. Tex. Feb. 14, 2022) (allowing supplementation of the record with depositions of the claims administrator and plaintiff to address whether the administrative record included all of the documents before the administrator at the time of the claim decision, as well as with a few other documents in the administrator's possession that had not been included in the original production or that bore on whether ERISA regulations were followed). The opposite is in fact argued here. Plaintiff argues the discovery she seeks was *not* considered by Defendants but *should* have been. This is not the purpose of the exception invoked by Plaintiff. *See Jackson v. NFL Disability & Neurocognitive Benefit Plan*, No. CV H-16-1278, 2017 WL 2573404, at *4 (S.D. Tex. June 14, 2017) (denying request to supplement administrative record as incomplete where claimant did not establish that documents and discovery contained any information that "could have plausibly been used" by the claims administrator in making its adverse determination); *Maher v. Mut. of Omaha Ins. Co.*, No. CIV.A. 09-02096, 2010 WL 3155949, at *3 (W.D. La. Aug. 9, 2010) (rejecting plaintiff's argument that administrative record was incomplete where "plaintiff encountered obstacles and was unable to access all of the documents she sought" during the pendency of her claim).

Plaintiff fails to identify in her motion any specific document that she submitted, or any other document provided to Defendants, in connection with their administrative review of her claim that she contends is not in the administrative record before the Court. The administrative

record is therefore not incomplete, and Plaintiff has not established that her discovery request falls into the exception related to the completeness of the record. The Court will therefore deny the motion.

In denying the motion, the undersigned is not taking a position on whether Plaintiff might be able to demonstrate that the administrative record should be supplemented for some other reason, distinct from her request for discovery outside of the administrative record based on its purported incompleteness. There may be some circumstances in which a court might entertain a motion to remand to the administrator for supplementation of the administrative record.[2] But Plaintiff has not moved for remand and has not briefed the Court on any other grounds for supplementation or pointed the Court to applicable authority that would permit discovery now to supplement the record prior to remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Conduct Limited Discovery [#21] is **DENIED WITHOUT PREJUDICE** to advancing other arguments regarding supplementation of the record not raised in her motion.

---

[2] *See, e.g.*, *Blum v. Spectrum Rest. Grp., Inc.*, 261 F. Supp. 2d 697, 711 n.8 (E.D. Tex. 2003), *aff'd sub nom. Blum v. Spectrum Rest. Grp.-Emps. Grp. Life & Supplemental Life Plan*, 140 Fed. App'x 556 (5th Cir. 2005) (limiting review on a motion for summary judgment in an ERISA case to the designated administrative record and rejecting claimant's argument that the court should consider extra-record evidence because the administrative record was an "incomplete sham"). In *Blum*, the district court commented that "the proper remedy for an incomplete administrative record would be a remand to the plan administrator, not the consideration of evidence outside the administrative record by a district court." *Id.* *See also Barhan v. Ry–Ron, Inc.*, 121 F.3d 198, 202 n.5 (5th Cir. 1997) ("[I]f either party concludes that additional factual development is necessary, it may move to remand to the plan administrator for further factual development.").

**IT IS SO ORDERED.**

SIGNED this 31st day of March, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE